# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

       Plaintiff,

v.                                  CV 12-0904 JB/WPL

CITY OF ALBUQUERQUE
and JAMES BERRY, MAYOR,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on pro se Plaintiff Ralph N. Lester's Application to Proceed in District Court without Prepaying Fees or Costs (hereinafter called "motion to proceed IFP") (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (2012).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Lester, who has twenty-four years of education and previously represented to the Court that he has a law degree[1] and MBA from UNM, a CPA certification and various auditor certifications, and who was working on a Ph.D. in economics and had started a business as a consultant in 2004, *see Lester v. City of Albuquerque*,[2] No. 04cv1139 WJ/WDS, Doc. 32 at 3-6 (D.N.M. Feb. 24, 2005), now contends that he is indigent and receives only disability income. (*See* Doc. 2 at 2.) But Lester failed to sign his application to proceed IFP under oath or under penalty of perjury, as required by 28 U.S.C. § 1915(a)(1). (*See* Doc. 2 at 1.) The Clerk of the Court sent a notice of deficiency to Lester informing him that he had failed to sign his "motion to proceed under 28 U.S.C. § 1915," and instructing him to sign and resubmit the application. (*See* Doc. 4 at 2.) Instead of following the Clerk's instructions, Lester, who has been denied permission to proceed IFP two other times in this District,[3] filed a one-page declaration under penalty of perjury stating that he had "read the above *complaint*[4] and that the information contained therein is true and correct." (Doc. 5 (emphasis added).) The Clerk sent out a second notice of deficiency for failure to sign the IFP application, warning Lester that failure to sign and

---

[1] Lester unsuccessfully attempted to sue the New Mexico Board of Bar Examiners for refusing to issue to him a license to practice law, but he failed to sufficiently invoke the Court's subject-matter jurisdiction and failed to serve the Defendants, and, over four years later, frivolously attempted to reopen the matter. *See Lester v. NM Board of Bar Examiners*, No. 03cv959 MVA/ACT Doc. 21 (D.N.M. May 5, 2004); *id.* Doc. 28 (D.N.M. July 20, 2009).

[2] In this case, the Court had to impose filing restrictions against Lester "to curb [his] practice of repeatedly filing variations of the same motion which the Court has previously considered and denied." *Lester*, No. 04cv1139 WJ/WDS, Doc. 45 at 2 (D.N.M. April 26, 2005).

[3] *See Lester v. Belt*, No. 10cv589 JB/RHS, Doc. 10 (D.N.M. Sept. 9, 2010) (adopting report and recommendation recommending that the Court deny IFP and dismiss the complaint for failure to state sufficient facts to invoke the Court's subject-matter jurisdiction); *Lester v. Lester*, No. 12cv771 LH/WDS, Doc. 5 (D.N.M. July 18, 2012) (denying IFP and dismissing because Lester failed to state sufficient facts to invoke the Court's subject-matter jurisdiction).

[4] Lester also failed to sign his complaint under penalty of perjury. (*See* Doc. 1 at 3.)

resubmit the application within three days of receiving the notice could result in it being stricken from the record. (*See* Doc. 6 at 2.)

Lester ignored the notices of deficiencies. As a law-school graduate who has allegedly passed the New Mexico Bar exam, Lester certainly understands the difference between a complaint and an application to proceed IFP and the import of signing a document under penalty of perjury. Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Lester's complaint is sorely deficient. He seeks the return of two gold pens apparently taken from him after an arrest, and the return of unused funds in his prison account under 42 U.S.C. § 1983, but he does not state any facts regarding Mayor Berry. Therefore, he has not stated a claim against Mayor Berry. Regarding the gold pens, Lester states only that an officer took them and his driver's license, but he does not allege that the officer unlawfully took the pens or that Lester properly requested their return after release from custody but his request was denied. (*See* Doc. 1 at 2.) These sparse allegations, therefore, do not state a claim against the City of Albuquerque for deprivation of property without due process. Additionally, although Lester states that he has made a "telephone" request for return of the remaining funds in his

prison account from the California bank that allegedly has possession of the cash (*see id.* at 2), he does not contend that the City of Albuquerque has refused to return to him funds that are in its control. Rather, he states that he made a verbal request from the California bank, but it has been two weeks and he has not *yet* received a check. (*See id.*) Lester has failed to state any claim for deprivation of his constitutional rights against the City of Albuquerque. Therefore, his complaint must be dismissed under § 1915 (e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (citation omitted).

Because dismissal is statutorily mandated and should be without prejudice, the Court need not give Lester an opportunity to pay the filing fees or to amend his complaint. Having paid no filing fee and nothing having been done at this early stage, Lester will suffer no practical prejudice if his case is dismissed without giving him an immediate opportunity to amend. Cases imposing a *requirement* that a court give a pro se plaintiff an opportunity to amend before issuing a *sua sponte* dismissal under § 1915 for failure to state a claim are cases in which the dismissal was either specifically entered *with* prejudice, *see, e.g., Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (reversing "district court's decision to dismiss a complaint under § 1915(e)(2) for failure to state a claim" with prejudice because court failed to give the plaintiff an opportunity to amend), or entered under § 1915 *and* Federal Rule of Civil Procedure 12(b)(6), which dismissals are "generally assumed to be with prejudice," *see Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Other such opinions were written before the PLRA was amended to require, as opposed to allow, *sua sponte* dismissal of cases in which the plaintiff seeking to proceed without paying filing fees files a complaint that fails to state a claim. *Cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (holding under a prior version of § 1915 that "if it appears

that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend").

A dismissal without prejudice, on the other hand, "allows the plaintiff another go . . .; accordingly, a district court may, without abusing its discretion, enter . . . an order [dismissing without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007) (discussing dismissals under Rule 41 for failure to satisfy Rule 8's pleading requirements); *see Lewis v. Burger King*, 344 F. App'x 470, 470-471 (10th Cir. 2009) (unpublished) (reversing because the district court should have afforded the plaintiff proceeding IFP an opportunity to amend her complaint before dismissing the case with prejudice under § 1915(e)(2), but remanding for entry of an order dismissing the complaint without prejudice); *Stepnay v. Goff*, 164 F. App'x 767, 772 (10th Cir. 2006) (unpublished) (reversing because "the district court erred in dismissing [the pro se plaintiff's] complaint with prejudice [under § 1915] without first giving him an opportunity to amend his complaint to cure any deficiencies" and remanding "the matter with instructions to dismiss the complaint without prejudice to [the plaintiff's] right to reinitiate the matter by filing a new complaint that sufficiently states a claim upon which relief may be granted"); *Phillips v. Pub. Serv. Co. of N.M.*, 58 F. App'x 407, 409 (10th Cir. 2003) (per curiam) ("Because [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated. Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint." (citation omitted)).

Because Lester has failed to comply with the Clerk's instructions despite being warned that his application to proceed IFP could be stricken, the possibility exists that his property and remaining funds have been returned to him and his issues are moot. I recommend that the Court deny the motion to proceed IFP (Doc. 2) and dismiss Lester's complaint without prejudice. I further recommend that the Court warn Lester that, if he continues to file frivolous complaints while attempting to proceed IFP, the Court may impose filing restrictions.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

6