## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

        Plaintiff,

vs.                                                                 No. CIV 12-0904 JB/WPL

CITY OF ALBUQUERQUE
and RICHARD J. BERRY, Mayor,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed Nov. 8, 2012 (Doc. 7)("PF&RD"). The primary issue is whether the Court should adopt the recommendations of the Honorable William P. Lynch, United States Magistrate Judge, to deny Plaintiff Ralph N. Lester's Application to Proceed in District Court without Prepaying Fees or Costs, filed Aug. 23, 2012 (Doc. 2)("Application"), and dismiss without prejudice his Petition for Replevin of Personal Property, filed Aug. 23, 2012 (Doc. 1)("Complaint"). Because Lester has not objected to Judge Lynch's PF&RD, and because Judge Lynch's recommendations are not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, the Court will adopt Judge Lynch's PF&RD and dismiss without prejudice Lester's Application.

## PROCEDURAL BACKGROUND

On August 23, 2012, Lester, a law-school graduate and frequent filer in this Court, proceeding *pro se*, filed his Complaint asking for "the Court [to] issue an Order for Replevin of Plaintiff's personal property requiring Defendants return the property, which has been

wrongfully detained by defendants and not returned." Complaint at 1-2. Lester alleges that, when he was arrested, the Albuquerque Police Department and the Metropolitan Detention Center wrongfully "removed" two gold Cross pens, his driver's license, and money, which Defendant the City of Albuquerque has not returned. Complaint at 2. Also on August 23, 2012, Lester filed his Application, asking the Court's leave to proceed without prepaying court costs and fees. See Application at 1.

Lester failed, however, to sign his Application under oath or under penalty of perjury after the Clerk of the Court sent two notices of deficiency and warned him that failure to do so could result in it being stricken from the record. See Application at 1; PF&RD at 2-3. In the PF&RD, Judge Lynch also noted that Lester failed to state sufficient facts to state a claim under 42 U.S.C. § 1983 against either Defendant Mayor Richard J. Berry or the City of Albuquerque. See PF&RD at 3-4. Accordingly, Judge Lynch recommended that the Court deny Lester's Application and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(a)(1) and (e)(2), and under Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006).

Judge Lynch's PF&RD was mailed to Lester at the same address as the Notices of Deficiencies were mailed, but it has been returned to the Court without delivery and with no forwarding address. See Mail Returned Undeliverable, filed Nov. 19, 2012 (Doc. 9). Lester has not informed the Court of his change of address, in violation of the Local Rules. See D.N.M.LR-Civ. 83.6 ("[P]arties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses.").

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
## AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including

judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report);

H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  <u>See</u> Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  <u>Cf.</u> <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only

ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. See Kirven v. Curry Cnty. Det. Ctr., No. CIV 06-1212 JB/WDS, 2012 WL 4947979, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings and recommended

disposition where the Court found that "the Magistrate Judge's recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); Thurlo v. Guiding Star LLC, No. CIV 12-0889 JB/LFG, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); Hudson v. Astrue, No. CIV 11-0522 JB/CG, 2012 WL 4950751, at *3 (D.N.M. Sept. 24, 2012)(same). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

Lester has filed no objections to the PF&RD, and the time for filing them has now passed. See Fed. R. Civ. P. 72b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Lester, therefore, has failed to comply with the Tenth Circuit's requirements to preserve any issue for appellate review. See One Parcel, 73 F.3d at 1060 (holding "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for

appellate review").  The Court has reviewed Judge Lynch's PF&RD and the reasoning therein, and cannot say that Judge Lynch's recommendations are clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  See Workheiser v. City of Clovis, 2012 WL 6846401, at *3 (adopting magistrate judge's recommendation where there was no objection and the Court found the recommendation not "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); Kirven v. Curry Cnty. Det. Ctr., 2012 WL 4947979, at *3 (same); Thurlo v. Guiding Star LLC, 2012 WL 5378963, at *3 (same). Accordingly, there being no objections to the recommendation, the Court will adopt that decision as its own.

　　　　IT IS ORDERED that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 8, 2012 (Doc. 7), is hereby adopted by the Court; (ii) the Plaintiff's Application to Proceed in District Court without Prepayment of Costs or Fees, filed August 23, 2012 (Doc. 2), is denied; and (iii) the Plaintiff's Petition for Replevin of Personal Property, filed August 23, 2012 (Doc. 1), is dismissed without prejudice.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

*Parties:*

Ralph N. Lester
Albuquerque, New Mexico

　　　　*Plaintiff pro se*

-8-